[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Darien, Conn. on July 23, 1972. There is one child issue of the marriage. She is Kimberly Ann, born August 21, 1975. The marriage had broken down irretrievably. It is dissolved.
Both parties are equally at fault for the breakdown.
The marriage was in trouble from the beginning. The plaintiff testified that the trouble started maybe even on the honeymoon. She said they were different people, from different backgrounds, and they liked different things. About 12 years ago the problems were so great that the parties went for counselling. The defendant testified that the marriage had broken down at that time. The plaintiff did not deny his claim. There were arguments from time to time. The plaintiff tried to discuss problems with the defendant. She said he did what he wanted to do and "I should have left him." The defendant said that he and the plaintiff were incompatible, that she had a temper, that she swore at him, and that he never could please her. He finally told her that if you CT Page 8232 want me to leave, I will go. And he did so. That was in April 1990. The suit was filed on May 2, 1990. Whenever the marriage had finally broken down, it was long before that date and it was long before the defendant had any relationship with Debby Lombardi.
Custody of the child, Kimberly Ann, is awarded jointly to the parties. She shall live with the plaintiff and the defendant shall pay support for her in the amount of $119 which the court finds is the amount set by the guidelines. The defendant shall have the right to reasonable, flexible and liberal visitation, including overnight, sharing of holidays and two weeks in the summer. The defendant shall give 24 hour notice for any specific visitation.
The parties have stipulated that the custodial joint account in the Derby Savings Bank for Kimberly Ann shall be held until she is 18 years of age and then turned over to her. The court so orders.
The plaintiff shall continue to maintain such medical insurance coverage as she has available through her employment for the benefit of the child Kimberly Ann until the child reaches 18 years of age. The plaintiff shall provide such medical insurance coverage as provided by her employer so long as it is a free benefit to the plaintiff. If such medical insurance does not remain a free benefit to the plaintiff, the parties shall split equally the cost of such medical insurance coverage for the child Kimberly Ann.
The parties shall split equally all uninsured medical and dental expenses including but not limited to orthodontia, ophthalmologic, pharmaceutical, surgical, hospital, nursing, psychological and/or psychiatric expenses incurred for the child Kimberly Ann until she reaches the age of 18 years. The defendant shall give his consent for psychological and/or psychiatric treatment, but such consent shall not be unreasonably withheld.
The defendant shall have the right under "COBRA" to avail himself of the plaintiff's medical insurance carrier to be paid by the defendant.
The defendant shall maintain life insurance in the amount of $75,000 for so long as he is obligated to pay alimony and/or child support, payable to the plaintiff as primary beneficiary and naming the child, Kimberly Ann, as secondary beneficiary. The defendant shall provide proof to the plaintiff of the existence of such life insurance policy on a yearly basis. In the event the defendant shall fail to pay any of the premiums for such insurance, the plaintiff shall have the option to pay such premiums and the defendant shall be indebted to the plaintiff in the amount of the sums so paid by the plaintiff. CT Page 8233
The real estate at 101 Far Horizon Drive, Shelton, Conn. shall remain in the joint names of the parties. The plaintiff shall have exclusive possession of the property. Until the property is sold the plaintiff shall be responsible for the monthly mortgage payment, real estate taxes, homeowner's insurance, utilities and minor repairs. Any one item of repair in excess of $250.00 will be considered a major repair and the parties shall split the cost in accordance with their respective percentage interest in the property as hereafter stated. The plaintiff cannot obligate the defendant to a major repair unless in writing or in case of emergency. The defendant will be notified and he may make the repair himself if he so chooses.
The property shall be sold at an agreed on price upon the first of the following event to occur:
a. The child, Kimberly Ann reaches the age of 20;
b. The plaintiff's death;
c. The plaintiff's remarriage;
 d. The plaintiff's cohabitation within the meaning of the statute.
e. The plaintiff no longer desires to live on the property.
If the parties cannot agree upon the sales price, then each shall select an appraiser, and if they still cannot agree on the sales price, then the two appraisers shall select a third appraiser. The parties shall be bound by the cumulative appraisal of all three appraisers.
The net proceeds from the sale shall be split 60% to the plaintiff and 40% to the defendant.
The court shall retain jurisdiction to decide any problems that should arise on the sale of the property.
The defendant shall pay $100 monthly to the plaintiff as alimony. The alimony shall end upon the first of the following events to occur:
a. The plaintiff's remarriage;
b. The plaintiff's death;
c. The defendant's death; CT Page 8234
 d. The plaintiff's cohabitation within the meaning of the statute.
 e. Seven and a half years from the filing of this Memorandum of Decision.
The 1987 Oldsmobile shall belong to the plaintiff and the defendant shall sign any documentation necessary to transfer title to the plaintiff within 30 days from the filing of this Memorandum of Decision.
The 1982 Toyota Supra shall belong to the defendant and the plaintiff shall sign any documentation necessary to transfer title to the defendant within 30 days from the filing of the Memorandum of Decision.
The plaintiff shall relinquish to the defendant any claim she might have to the property located at Lot #3, Tower Lane, Naugatuck, Conn.
The plaintiff shall have title to all furniture and personal property located at 101 Far Horizons Drive, Shelton, Conn., except for the personal belongings and tools of the defendant which he shall remove from such property within 30 days from the filing of this Memorandum of Decision.
The defendant shall retain his pension/IRA which before taxes is in the sum of $10,000.00. The plaintiff shall relinquish any claim she may have to the same. The defendant shall relinquish any claim he may have to the plaintiff's pension.
Each party shall retain their own assets as listed on their respective Financial Affidavits, except as otherwise stated herein.
Each party shall be responsible for their liabilities as listed on their respective Financial Affidavits except as otherwise stated herein.
Each party shall be responsible for the fees of their own attorneys.
A contingent wage garnishment shall issue with regard to the payment of support for the child, Kimberly Ann.
Thomas J. O'Sullivan Trial Referee